IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAL BHATIA,

    Movant,

   v.

UNITED STATES OF AMERICA,

    Respondent.
                                      /

No. C 07-5583 CW
CR 04-40071CW

ORDER DENYING MOVANT'S PETITION FOR WRIT OF AUDITA QUERELA

    Movant files a petition for a writ of audita querela on the ground that the Court ignored one of the claims that he alleged in his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. Respondent has not filed an opposition. Having read the papers filed by Movant, the Court denies the petition.[1]

BACKGROUND

    On February 28, 2006, a jury found Movant guilty of mail fraud and money laundering arising from a fraudulent scheme to obtain funds from various family members for investments in a company

---

[1] Movant has filed two motions for expedited consideration of his petition for writ of audita querela. (Docket ## 365 and 367). These motions are denied as moot. Movant also has filed a motion for sanctions against Assistant United State Prosecutor Stephen Corrigan under Rule 11 of the Federal Rules of Civil Procedure. (Docket # 368). This motion is denied.

owned by Movant.  On November 3, 2006, judgment was entered against Movant.  On November 6, 2006, Movant's notice of appeal was entered.  On January 23, 2008, the Ninth Circuit issued its opinion affirming the judgment against Movant.  On July 1, 2008, Movant filed a motion pursuant to 28 U.S.C. § 2255 alleging several grounds to vacate, set aside and correct his sentence.  One of the grounds proffered by Movant was that Assistant United States Attorney Stephen Corrigan and Federal Bureau of Investigation agent Janet Berry used material falsehoods to establish probable cause to obtain a warrant to search the premises of Movant's home.  In its March 10, 2009 Order Denying Motion Under 28 U.S.C. § 2255, the Court denied all Movant's grounds for relief under § 2255, including the ground that Corrigan and Berry used false information to obtain the search warrant.  Now, Movant submits this petition for writ of audita querela on the ground that the Court failed to review the evidence Movant provided in his § 2255 motion.

Audita querela was a common law writ to provide relief to a judgment debtor on the basis of a defense arising subsequent to the issuance of the judgment.  Doe v. Immigration and Naturalization Serv., 120 F. 3d 200, 202 (9th Cir. 1997).  In 1946, the writs of audita querela and coram nobis were abolished by the amendments to the Federal Rules of Civil Procedure, but in United States v. Morgan, 346 U.S. 502 (1954), the Supreme Court held that district courts retained limited authority to issue writs of coram nobis which, unlike habeas corpus, afforded relief when the defendant was no longer in custody.  Id. at 202-03.  Subsequently, some courts have used the writ of audita querela to grant post-conviction remedial relief.  Id. at 203.  In Doe, the Ninth Circuit stated

1  that "a writ of audita querela, if it survives at all, is available
2  only if a defendant has a legal defense or discharge to the
3  underlying judgment" when the legal defense arises subsequent to
4  entry of final judgment.  Id. at 203-04.  The difference between
5  coram nobis and audita querela is that the former was used to
6  attack a judgment that was infirm at the time it was rendered for
7  reasons that later came to light, whereas audita querela was used
8  to attack a judgment that was correct when rendered but later was
9  rendered infirm by matters arising after its issuance.  Id. at 203
10 n.4.

11      Movant's petition for a writ of audita querela fails for
12 several reasons.  First, Movant claims that the judgment against
13 him was infirm at the time it was rendered.  As stated above,
14 audita querela applies when the judgment was correct when rendered
15 and  became questionable only due to matters arising after its
16 issuance.  Second, Movant claims that he submitted to the Court, in
17 his § 2255 motion, all of the evidence that was needed for the
18 Court to have found that his judgment must be vacated, set aside or
19 corrected.  Audita querela is inapplicable under this circumstance
20 because it only applies when new evidence renders a judgment
21 infirm.

22      Movant is, in effect, asking the Court to reconsider its
23 ruling.  Contrary to Movant's claims, the Court considered all of
24 the evidence he submitted with his § 2255 motion and found that
25 relief under § 2255 was not warranted.

## CONCLUSION

27      For all the reasons stated above, Movant's petition for a writ
28 of audita querela is denied and his motions for expedited review of

3

his petition and for sanctions are denied.  (Docket ## 364, 365, 367 and 368).

IT IS SO ORDERED.

Dated: September 23, 2009

CLAUDIA WILKEN
United States District Judge